UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY WASHINGTON ET AL** | **:** | **CIVIL ACTION NO. 2:23-cv-01105** |
| **VERSUS** | **:** | **JUDGE DAVID C. JOSEPH** |
| **KEARYCK L ACHANE ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

The court raises this matter *sua sponte* pursuant to 28 U.S.C. § 1447(c) to determine whether it has subject matter jurisdiction over the instant case. *See also Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). For the reasons set forth below, the undersigned finds that this court lacks the requisite subject matter jurisdiction and therefore recommends that this matter be **REMANDED**.

### I.
#### BACKGROUND

Plaintiffs originally brought this suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 2. The action was subsequently removed into federal court by defendants Liberty Mutual Fire Insurance Company and Cornerstone Building Brands, Inc. (the "removing defendants") based on diversity of citizenship under 28 U.S.C. § 1332. Doc. 1. In the Notice of Removal, the removing defendants allege citizenship for themselves and plaintiffs Larry Washington and Cavich Prudhomme[1] but fail to allege citizenship of the other named defendant,

---

[1] Removing defendants allege that plaintiffs Larry Washington and Cavich Prudhomme are both citizens of Louisiana. Doc. 1, ¶ XI. They also allege that defendant Cornerstone Building Brands, Inc. is a corporation incorporated in Delaware with its principal place of business in North Carolina, making it a citizen of both Delaware and North Carolina and that defendant Liberty Mutual Fire Insurance Company is a corporation incorporated in Massachusetts with its principal place of business in Massachusetts, making it a citizen of Massachusetts. *Id.* at ¶¶ XII-XIII.

Kearyck L. Achane. *Id.* at ¶¶ XI-XIV.  The removing defendants claim the citizenship of Achane is irrelevant to determining whether removal was proper under 28 U.S.C. § 1332 because Achane was not served at the time of removal. *Id.* at ¶ XIV.  Since the filing of the Notice of Removal, however, Achane has been served and has provided a Diversity Jurisdiction Disclosure Statement alleging he is a citizen of Louisiana. Doc. 25.  On April 29, 2025, this court issued an Electronic Order [doc. 33] ordering the parties to provide briefing on whether the court has subject matter jurisdiction, specifically in light of the decision in *In re Levy*, 52 F.4th 244 (5th Cir. 2022).[2]  In their briefs, both parties conceded that this court lacks subject matter jurisdiction and agreed the case should be remanded to state court. Docs. 34; 35.

## II.
### LAW AND ANALYSIS

Proper information regarding the facts that entitle a party to removal are necessary for a court to determine whether the case was properly removed under 28 U.S.C. § 1441.  Pursuant to 28 U.S.C. § 1446, the Notice of Removal must contain "a short and plain statement of the grounds for removal."  The burden of establishing federal jurisdiction rests on the party removing the case to the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283, *3 (W.D. La. 2008).  Thus, as the parties invoking the court's jurisdiction, the removing defendants bear the burden of establishing federal subject matter jurisdiction exists and that removal was proper. *Fontenot*, 2008 WL 4822283 at *3; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

Cases arising under § 1332 require complete diversity. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).  "The concept of complete diversity requires

---

[2] The facts and arguments made in *In re Levy* are almost identical to the instant case.

that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018) (quoting *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996)).

Here, the removing defendants failed to meet their burden of establishing diversity jurisdiction under 28 U.S.C. § 1332 as they failed to allege the citizenship of all named parties. Doc. 1, ¶¶ XI-XIV. Moreover, Achane's Diversity Jurisdiction Disclosure Statement reveals that the parties are not completely diverse. Doc. 25. Although the removing defendants claimed that removal was proper because the forum-defendant rule[3] does not apply when a forum-defendant has not been served [doc. 1, ¶ XIV], "the forum-defendant rule is a procedural rule and not a jurisdictional one." *Tex. Brine Co., L.L.C.* v. *Am. Arbitration Ass'n,* 955 F.3d 482, 485 (5th Cir. 2020). "Accordingly, it cannot confer jurisdiction where jurisdiction does not exist." *In re* Levy, 52 F.4th at 247-48. Jurisdiction based on diversity of citizenship, therefore, must be determined by the citizenship of all named parties whether or not they have been served. *Id.* (citing New *York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 883 (5th Cir.1998)).

In its current state, the Notice of Removal lacks sufficient citizenship allegations of all named parties that would allow the court to determine if jurisdiction is proper. Nonetheless, the then-unserved defendant, Kearyck L. Achane, has now been served and has provided a Diversity Jurisdiction Disclosure Statement which alleges he is a citizen of Louisiana. Doc. 25. As plaintiffs are also citizens of Louisiana [doc. 1, att. 2, p. 1], diversity among the parties does not exist.

---

[3] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

Moreover, in briefing this issue, the parties agree that this court lacks jurisdiction and remand is warranted. Docs. 34; 35. Accordingly, this court lacks subject matter jurisdiction, and it is recommended that the action be remanded to state court.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that this matter be **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 23rd day of December, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**